# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10403
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 7, 2020

Lyle W. Cayce
Clerk

SERGIO AGUILAR,

Plaintiff–Appellant,

v.

SERVICE LLOYDS INSURANCE,

Defendant–Appellee.

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-2415

Before HIGGINBOTHAM, SOUTHWICK, and WILLETT, Circuit Judges.
PER CURIAM:[*]

Sergio Aguilar moves for authorization to proceed in forma pauperis (IFP) in his appeals of the district court's judgment dismissing his complaint for lack of subject-matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3). Aguilar filed his complaint accusing Service Lloyds Insurance Company (Service Lloyds) of fraud and identity theft in connection with his workers' compensation claim. Aguilar claimed that the medical reports and workers' compensation benefits,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which compensated him for only one percent restriction, were fraudulent because they referenced false social security and claim numbers. Aguilar requested that Service Lloyds be required to pay him his correct benefits under his correct social security and claim numbers.

In denying leave to appeal IFP, a district court may "incorporate by reference its decision dismissing the prisoner's complaint on the merits with or without supplementation," which is the procedure used in this case. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.21 (5th Cir. 1997). By moving to proceed IFP, Aguilar is challenging the district court's certification that his appeal is not taken in good faith. *See id.* at 202. Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). By failing to address the district court's reasons for dismissing his complaint for lack of subject-matter jurisdiction or providing any other reason why the district court's certification is erroneous, Aguilar has abandoned any challenge he might have raised regarding the district court's decision. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Aguilar's appeal is without arguable merit and is thus frivolous. *See Howard*, 707 F.2d at 219-20. His IFP motion is therefore DENIED, and his appeals are DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.